

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 12          5900

------------------------------------------------------------ x

FRANK ANDREASSEN and ELIZABETH PACHECO,

                    Plaintiffs,

-against-

DETECTIVE JAMES RIVERA, Shield No. 5027; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                    Defendants.

------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

MAUSKOPF, J.

REYES, M.J

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## PARTIES

6. Plaintiffs Frank Andressen and Elizabeth Pacheco ("plaintiffs") are residents of Kings County in the City and State of New York.

7. Defendant Detective James Rivera, Shield No. 5027 ("Rivera"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Rivera is sued in his individual capacity.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 6:15 a.m. on August 24, 2012, plaintiffs were lawfully within plaintiff Pacheco's residence located at 1905 Pacific St., Ave., apt. 1, Brooklyn, New York.

13. Plaintiff Andreassen did not live at above-referenced residence.

14. Plaintiff Pacheco, who was 8 months pregnant at the time, was asleep in bed along with her 5 year old and twin 3 year-old children, and Plaintiff Andreassen was asleep in a spare bedroom when members of the New York City Police Department, dressed in riot gear, forcibly entered the home under the guise of an alleged search warrant.

15. Despite the fact that plaintiffs requested to see a search warrant on several occasions, defendants refused to do so.

16. Defendants charged into the bedrooms where plaintiffs were sleeping, screamed at plaintiffs and pointed guns in their faces.

17. Defendants then handcuffed plaintiffs and forcibly removed them from the residence to a police van.

18. Defendants never informed plaintiffs why they were being arrested.

19. The officers transported plaintiffs to the police precinct.

20. Subsequent to arresting plaintiffs, defendants commenced to search the residence.

21. The only thing that defendants recovered was a scale that defendants claimed was drug paraphernalia and contained residue on it.

22. Plaintiff Pacheco is employed as a baker and she informed police officers that the scale is used for baking.

23. Notwithstanding the fact that defendants did not recover contraband, plaintiffs were arrested for criminal possession of a controlled substance.

24. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiffs in possession of a controlled substance.

25. At no point did the officers observe plaintiffs in possession of a controlled substance.

26. At the precinct, plaintiff Andreassen informed defendants that he was recovering from surgery and requested medical treatment, but his repeated pleas were ignored.

27. Plaintiff Pacheco informed defendants that she was 8 months pregnant, ordered by doctors to be on bed rest and requested medical treatment, but her repeated requests were denied.

28. After spending a prolonged period of time in custody, plaintiffs were

issued Desk Appearance Tickets and releases from custody.

29. Plaintiffs appeared in Kings County Criminal Court, where all criminal charges were adjourned in contemplation of dismissal.

30. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

31. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

32. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

33. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Entry and Search

34. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully entered and search plaintiffs' home.

36. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

### THIRD CLAIM
### False Arrest

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### Unreasonable Force

40. Plaintiffs repeats and realleges each and every allegation as if fully set forth herein.

41. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

42. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

43. Plaintiffs repeats and realleges each and every allegation as if fully set forth herein.

44. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

45. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

46. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Deliberate Indifference to Safety/Medical Needs

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

49. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

50. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   November 28, 2012
         New York, New York

Robert Marinelli
299 Broadway, 14th Floor
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiffs*